WYLLIS BLACKSTONE, RECEIVER OF THE NORTH AMERICAN FIRE
INSURANCE CO., *v.* THE ALLEMANIA FIRE INSURANCE CO.

In a contract of reinsurance in which it was provided that the loss, if any, should
be payable *pro rata* and at the same time with the reinsured, *Held,* that the
liability of the company reinsuring, accrued at the same time with the liability
of the reinsured, and that in order to sustain an action it was not necessary that
the company reinsured should have actually paid the loss, but it was sufficient
if they were liable to pay.

Plaintiff, receiver of an insolvent insurance company which had reinsured its risk,
after having suffered a loss, paid a dividend of 44 per cent. which exhausted
the assets of the company; *Held,* that in a suit on the policy of reinsurance,
under which the loss was payable *pro rata* and at the same time with the rein-
sured, the plaintiff was not restricted in his recovery to the amount actually
paid to the insured, but could recover the whole amount of the loss.

THIS was a controversy submitted without action upon a case
made. The plaintiff, as receiver of the North American Fire
Ins. Co., claimed to recover of the defendants $2,203 81, with
interest from February 13th, 1872, upon the following facts :
On August 5th, 1871, the North American Fire Ins. Co. issued
a policy (No. 4,985) to D. W. & A. Keith & Co. of Chicago,
Illinois, insuring them against loss or damage by fire, for the
space of three months, to the amount of $5,000, on their stock
of goods, &c., other insurance being permitted.

On or about October 9th, 1871, the property covered by
said policy, was destroyed or damaged by fire. Proofs of such
loss were duly served upon the plaintiff, as receiver of said com-
pany, on the 18th day of November, 1871, and the loss became
payable 60 days thereafter. The claim was admitted as a just
claim against the assets of the company, and the amount due to
said D. W. & A. Keith & Co. under said policy was adjusted
at $4,407 62. The North American Fire Ins. Co., having
become insolvent, the plaintiff was by an order of the Supreme
Court, made October 20th, 1871, appointed receiver under the
statute relating to proceedings against corporations in equity,
and on the same day filed his bond and entered upon the dis-
charge of his duties. On November 24th, 1871, a decree was
entered dissolving said company and continuing and confirming

the plaintiff in his office as receiver. On or about February 21st, 1872, the receiver declared a dividend of 40 cents on the dollar upon all claims against the said company admitted by him. The said D. W. & A. Keith & Co. were on March 1st, 1872, paid 40 per cent. upon their claim. A second and final dividend of 4 cents on the dollar was declared by said receiver, payable on February 19th, 1873, and said amount of 44 per cent. upon $4,407 62, to wit, $1,939 35, is the entire sum that has been or will be paid to said D. W. & A. Keith & Co., under their policy.

On August 5th, 1871, the defendants reinsured the North American Fire Ins. Co. against loss or damage by fire to the amount of $2,500 for the space of three months, from August 5th, 1871, " on their insured interest under their policy, No. 4,985, issued to D. W. & A. Keith & Co. * * * * loss, if any, payable *pro rata* and at the same time with the insured." The policy also contained the following provision : " And the said company do hereby promise and agree to make good to the said assured, their executors, administrators and assigns, all such immediate loss or damage, not exceeding in amount the sum insured, as shall happen by fire to the property as above specified, * * * * to be paid within sixty days after notice and due proof thereof made by the assured in conformity to the conditions annexed to this policy." The insured interest of the North American Fire Ins. Co. was further reinsured to the amount of $2,500, in the Andes Ins. Co.

On December 14th, 1871, certain papers, intended to operate as proofs of the loss before mentioned, were served by the plaintiff upon the defendants, who received and retained them without objection. The plaintiff claimed to recover $2,203 81, with interest thereon from February 13th, 1872, that being 60 days after service of said papers.

The defendants claimed that they were only liable to pay one-half of the amount actually paid or that should be paid to D. W. & A. Keith & Co. by the plaintiff, and offered to allow judgment against them for that sum.

The question submitted to the court upon the case made was as follows : Is the plaintiff entitled to recover $2,203 81,

with interest from February 13th, 1872, or is he only entitled to recover the amounts actually paid to the original insured by the North American Fire Ins. Co. or their representative, the plaintiff, with interest on the said amounts from the time the same were respectively paid?

*Beardslee & Cole,* for plaintiff.

I. The contract of reinsurance is entirely distinct from the contract of insurance. It is a contract of indemnity *to the party obtaining it,* and such indemnity is the whole amount of the loss *incurred* by the original insurer (Emerigon Tom. 1, p. 247–250; 1 Boulay, Paty Tr. des Assurances, ch. 8, edition of 1827; 1 Alauzet Tr. gen. des Assurances, No. 152, p. 276; 2 Park on Ins. 595–596; 1 Marshall on Ins. 143; 2 Phillips on Ins. 749; 1 Arnould on Ins. 288; 3 Kent's Comm. 5th ed. p. 279; Flanders on Ins. p. 32).

II. The contract of reinsurance is one between the two companies only. The original assured has no claim of any kind against the reinsurer. The reinsured remains solely liable on the original insurance, and alone has any claim against the reinsurer (*Carrington* v. *Com. F. & M. Ins. Co.* 1 Bosw. 152; *Herckenrath* v. *Am. Mut. Ins. Co.* 3 Barb. Ch. 63, and authorities cited, *supra*).

III. The amount *paid* by the original insurer has nothing to do with the claim against the reinsurer. The reinsurer must pay to his assured the whole amount for which the original insurer becomes *liable.* Inability on the part of the original insurer to pay does not in any way affect the liability of the reinsurer (*Eagle Ins. Co.* v. *Lafayette Ins. Co.* 9 Ind. 443; *Hone* v. *Mut. Safety Ins. Co.* 1 Sand. 137; affirmed in 2 N. Y. 235).

IV. The provision in the policy which is relied upon to change the nature of the contract is " loss, if any, payable *pro rata,* and at same time with the reinsured." The words, *pro rata,* when operative, transform the contract of reinsurance into one of co-insurance with the original insurer. The proportion is between the amount of reinsurance and the original sum insured (Griswold, Fire Underwriters' Text Book, § 1055).

The *pro rata* clause is entirely unoperative when there is a full reinsurance, and the reinsurer must then pay the whole loss (*Ib.*).

Where a full reinsurance is made, but in different companies, the *pro rata* clause is also inoperative. The contribution clauses in the reinsuring policies determine the respective amounts which the reinsuring companies must pay.

V. The latter part of the clause "payable at the same time with reinsured" cannot be held to make payment by the original insurer a prerequisite to a demand upon the reinsurer; it only refers to the commencement of the original insurer's *liability* to pay (Flanders on Ins. p. 35, note).

*Aldace F. Walker*, for defendants.

I. The general term of the Superior Court of the city of New York discussed this question in *Hone* v. *Mutual Safety Ins. Co.* 1 Sandf. 137, and allowed a recovery in full, under the policy sued upon in that case, although the reinsured company became insolvent so that its assets were not sufficient to pay more than fifty per cent. of its indebtedness. This case was affirmed by the Court of Appeals, the defendant being there represented by other counsel, who do not seem to have raised the point now in question, as it is not alluded to in the statement of facts, or discussed in the opinion of the court (2 N. Y. 235). As a precedent, therefore, it gives to the present plaintiff the support only of the general term of a co-ordinate court; and only so far as the facts of the Hone case correspond with those now before this court.

II. The policy issued by the defendant contains these words : "*Loss, if any, payable pro rata, and at same time with the reinsured.*" 1. "Loss, if any, payable *pro rata*," that is, we agree that only such proportion of the total loss shall be payable by the reinsurer, as the sum named in the policy of reinsurance bears to the sum named in original policy.

2. "Loss, if any, payable * * at same time with the reinsured;" that is, we agree that the loss shall be payable only when it is paid by the reinsured, *and not before.*

Blackstone v. The Allemania Fire Insurance Company.

By THE COURT.[*]—ROBINSON, J.—The contract of reinsurance in question is, in all its main features, similar in its obligations to that passed upon in the case of *Hone* v. *Mutual Safety Insurance Co.* (1 Sandf. Ch. 137; affirmed, 2 Coms. 235), except that it provides that "the loss, if any, shall be payable *pro rata* and *at the same time* with the reinsured."

Tho loss against which the North American had insured, to the extent of $5,000, occurred in October, 1871, and amounted to $4,407 62, which became payable in 60 days after service of proof of loss, made on the 18th of November, 1871. This reinsurance, to the amount of $2,500, was effected in August, 1871, and subsisted at the time of the loss, but the North American subsequently became insolvent, and was dissolved by a decree of the Supreme Court, the plaintiff's receivership and right to collect its assets being continued.

Upon such loss of $4,407 62, the plaintiff has paid a dividend of 40 per cent. and declared a further dividend of 4 per cent., which is all that can be realized or paid out of the assets of the company. No objection was ever made to the proof of loss served on the defendants, and the only substantial question presented is upon the construction of the terms in the policy of reinsurance above quoted. It is not questioned but that the defendants were liable for one-half of so much of the loss as has been paid; but they contend they are not responsible for any portion thereof which has not been paid or which that company or its receiver are wholly unable to pay. The policy of reinsurance had express reference to the original policy of the North American (No. 4,985) and to its obligations, and the question presented is, whether the defendants are bound to pay this proportion (one-half) of the loss sustained by the North American, which they became liable to pay in 60 days after service of proof of loss, or only of such sum as the latter company have actually paid. Was the time so fixed for payment by the defendants to be contemporaneous with that presented in the obligation of the reinsured, or when actual payment had been made by them to the party they had insured; or, in other words, did it refer to *the time* when the original insurance called for payment, or to *the*

---

* Present, DALY, CH. J., ROBINSON and LOEW, JJ.

*circumstance* of actual payment of the loss? In the former case, the contract was but one of indemnity; in the latter, it was necessarily one to provide the reinsured with means to protect themselves against their liability to the parties they had insured.

No privity of contract existed between the parties originally insured and the reinsurers, even in case of the insolvency of the original insurers (*Herckenrath* v. *Am. Mut. Fire Ins. Co.* 3 Barb. Ch. 63). Under the ordinary construction of contracts of reinsurance, they impose upon the reinsured no obligation to pay the insured or to prove actual payment of the loss before he can call upon his reinsurer (3 Kent Com. 279, and cases cited in note *c*; *Hone* v. *Mut. Safety Ins. Co. supra*; 1 Pars. on Mar. Ins. 300). "When the loss has happened and been duly ascertained, the reinsurer must pay to the first insurer the amount of the loss within the policy, notwithstanding the first insurer has become insolvent, and can only pay in part. He must pay the entire sum reinsured, and has no concern with any arrangement between the first insured and his creditors" (2 Kent Com. 279, note *c*). This contract of reinsurance having been made with express reference to the original policy of insurance, prescribing the time for payment of the loss thereby insured against, must be construed as merely fixing a like time for payment of the *pro rata* loss to the reinsured. Such is its natural construction as a mere contract of reinsurance: the loss against which it insures is "payable" at the same *time* with the reinsured—not when the reinsured have actually made payment. Whatever ambiguity or uncertainty, if any, exists, is upon well recognized principles of construction, to be held the most strongly against the defendants as the contracting party. The terms used do not indicate with any plainness of intention, as against the rules of law above stated, that the payment to be made under it should be deferred until the reinsured had made actual payment of the whole loss. And, in my opinion, the clause in question has reference to the time which, by the original insurance, the North American were required to make payment of the loss, rather than to the circumstance that they had made such payment.

Judgment should be given accordingly on the case submitted. Judgment for plaintiff.